UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EILEEN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV0004MLM |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Petitioner's Motion to Strike. [Doc. 16] Respondent opposes the Motion. [Doc. 17] Petitioner did not reply to Respondent's Response. This case is a petition for review of the final administrative decision issued by the Department of Agriculture on March 10, 2005. It is brought pursuant to the judicial review provisions of the Administrative Procedures Act, 5 U.S.C. § 706 *et seq.*

In her Motion petitioner asks that the court strike parts of the "administrative record" filed with the court. [Doc. 15] Specifically, petitioner asks that the sworn declarations of Douglas W. Fargo and John W. Chott be stricken because they are not part of the administrative record and were made more than a year after the decision was issued and more than two years after the record was closed. At the same time, petitioner asks that these documents not be stricken but be kept within the record on appeal because they are relevant and material to petitioner's claim that the decision in this case was made without observance of the procedures required by law.

Respondent argues that the declarations merely certify the record and summarize previous events for the ease of the court and give no new rationalizations for the agency decision.

Judicial review of agency action is limited to the administrative record. United States v. Massey, 380 F.3d 437, 440 (8th Cir. 2004). "[T]he court in conducting the plenary review mandated by [Citizens to Preserve] Overton Park [,Inc., v. Volpe, 401 U.S. 402, 420 (1971)] should limit its inquiry to the administrative record already in existence, supplemented if necessary by

affidavits, depositions, or other proof of an explanatory nature." Independent Meat Packers Ass'n. v. Butz, 526 F.2d 228, 239 (8th Cir. 1975). While explanatory statements are allowed, no new rationalization may be added. Sierra Club v. Army Corps of Engineers, 771 F.2d 409, 413 (8th Cir. 1985).

The court is aware of the limited scope of judicial review of agency decision. Because petitioner is asking both that the declarations be stricken and be kept, the court finds that at the time of considering the party's briefs, the court will consider only those parts of the declarations appropriate for judicial review.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Strike is DENIED as more fully set out herein. [Doc. 16]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   19th    day of  July, 2006.